Slip Op. 16-84

UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| ALBEMARLE CORP., <br><br> Plaintiff, <br><br> and <br><br> NINGXIA HUAHUI ACTIVATED CARBON CO., LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CALGON CARBON (TIANJIN) CO., LTD., CALGON CARBON CORP. AND NORIT AMERICAS INC., <br><br> Defendant-Intervenors. |

Before: Timothy C. Stanceu, Chief Judge

Consol. Court No. 11-00451

**OPINION AND ORDER**

[Instructing the U.S. Department of Commerce in response to a mandate issued by the U.S. Court of Appeals for the Federal Circuit]

Dated: September 7, 2016

*Jeffrey S. Grimson*, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff Albemarle Corp. and plaintiff-intervenor Ningxia Huahui Activated Carbon Co., Ltd. With him on the brief were *Kristin H. Mowry*, *Jill A. Cramer*, and *Sarah M. Wyss*.

*Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, DC, for plaintiff Shanxi DMD Corp. With him on the brief were *John J. Kenkel* and *J. Kevin Horgan*.

*Francis J. Sailer*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, for plaintiffs Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd.,

Beijing Pacific Activated Carbon Products Co., Ltd. and Cherishmet Inc. With him on the brief were *Mark E. Pardo*, *Andrew T. Schutz*, and *Kavita Mohan*.

*Antonia R. Soares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Devin S. Sikes*, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

*Craig A. Lewis*, Hogan Lovells U.S. LLP, of Washington, DC, for defendant-intervenor Calgon Carbon (Tianjin) Co., Ltd.

*David A. Hartquist*, Kelley Drye & Warren LLP, of Washington, DC, for defendant-intervenors Calgon Carbon Corp. and Norit Americas Inc. With him on the brief were *R. Alan Luberda* and *John M. Herrmann II*.

Stanceu, Chief Judge: Before the court is the mandate issued by the United States Court of Appeals for the Federal Circuit ("Court of Appeals") in *Albemarle Corp. & Subsidiaries v. United States*, 821 F.3d 1345 (Fed. Cir. 2016) ("*Albemarle III*"). CAFC Mandate in Appeal Nos. 2015-1288, 2015-1289, and 2015-1290 (June 23, 2016), ECF No. 130. This decision affirmed in part, and vacated in part, the judgment of the United States Court of International Trade ("CIT") in *Albemarle Corp. v United States*, 38 CIT __, 27 F. Supp. 3d 1336 (2014) ("*Albemarle II*"). To implement the mandate of the Court of Appeals, the court issues instructions to the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department").

## I. BACKGROUND

In this consolidated case, several plaintiffs contested the final determination ("Final Results") Commerce issued to conclude the third periodic administrative review of an antidumping duty order on activated charcoal from the People's Republic of China. The contested decision was published as *Certain Activated Carbon from the People's Republic of China: Final Results and Partial Rescission of Third Antidumping Duty Administrative Review*,

76 Fed. Reg. 67,142 (Int'l Trade Admin. Oct. 31, 2011) ("*Final Results*").  Background on this case is presented in the opinions in *Albemarle III*, 821 F.3d at 1347-51, *Albemarle II*, 38 CIT at __, 27 F. Supp. 3d at 1339-40, and *Albemarle Corp. v United States*, 37 CIT __, __, 931 F. Supp. 2d 1280, 1283-84 (2013) ("*Albemarle I*").

The remaining issue in this litigation is the antidumping duty margin to be assigned to Ningxia Huahui Activated Carbon Company Ltd. ("Huahui"), which was a "separate rate," i.e., non-individually-examined, respondent in the third administrative review, at the conclusion of which Commerce assigned de minimis margins to the two mandatory respondents.  In the Final Results, Commerce assigned Huahui the $0.44/kg margin it had assigned Huahui as an individually-examined respondent in the prior, i.e., the second, administrative review.  *Final Results*, 76 Fed. Reg. at 67,145.  Commerce assigned all other separate rate respondents a margin of $0.28/kg, which was the margin Commerce had assigned to separate rate respondents in the second review.  *Id*.

In *Albemarle I*, the Court of International Trade ordered Commerce to reconsider its assignment of the $0.28/kg margin to the separate rate respondents.  *Albemarle I*, 37 CIT at __, 931 F. Supp. 2d at 1296-97.  Pending a remand redetermination by Commerce, the CIT reserved any decision on whether the $0.44/kg margin Commerce assigned to Huahui in the Final Results was permissible, reasoning that "Commerce may or may not decide to assign Huahui a different margin based on other decisions it makes upon remand."  *Id.*, 37 CIT at __, 931 F. Supp. 2d at 1293.

In the determination responding to the order the Court of International Trade issued in *Albemarle I*, Commerce again determined de minimis margins for the two mandatory respondents.  *Final Results of Redetermination Pursuant to Court Remand*, at 25 (Jan. 10, 2014),

ECF No. 96.  Based on those de minimis margins, and under protest, Commerce assigned margins of zero to the parties other than Huahui who were separate rate respondents in the third review.  *Id*. at 13, 25.  Commerce "decline[d] to reconsider Huahui's dumping margin" and thereby continued to assign the $0.44/kg margin to Huahui.  *Id*. at 22.

The Court of International Trade sustained the Department's assigning zero margins to the separate rate respondents other than Huahui as well as the assignment of the $0.44/kg margin to Huahui.  *Albemarle II*, 38 CIT at __, 27 F. Supp. 3d at 1352.  On appeal, the Court of Appeals affirmed the judgment as to the zero margins and reversed the judgment as to the $0.44/kg margin.  The Court of Appeals remanded this case to the Court of International Trade "so that it may issue appropriate instructions to Commerce" on the question of the margin to be assigned to Huahui.  *Albemarle III*, 821 F.3d at 1359.  This opinion sets forth the instructions to effectuate the decision of the Court of Appeals.

## II.  DISCUSSION

In reviewing the CIT's affirmance of the $0.44/kg margin assigned to Huahui, the Court of Appeals considered the question of "whether Commerce's chosen method of carrying forward Huahui's data from the second period of review to the third was reasonable."  *Albemarle III*, 821 F.3d at 1355-56.  *Albemarle II* had noted that the $0.44/kg margin was based on Huahui's own data in the prior review and, in deciding that this method was reasonable, had concluded that Commerce acted permissibly in choosing specificity over contemporaneity.  *Albemarle II*, 38 CIT at __, 27 F. Supp. 3d at 1348-50.

Reaching the opposite conclusion, the Court of Appeals relied upon 19 U.S.C. § 1677d(c)(5)(B) and the Statement of Administrative Action accompanying the Uruguay Round Agreements Act, H.R. Rep. No. 103-316, vol. 1 at 873 (1994) *reprinted in* 1994

U.S.C.C.A.N. 4040, 4021, for the principle that, "when all individually examined respondents are assigned de minimis margins," an averaging of the de minimis margins of the individually examined respondents is the "preferred" and "expected method" for determining a margin for the respondents that were not individually examined. *Albemarle III*, 821 F.3d at 1352, 1354.  The appellate court stated, further, that it was "guided by the statute's manifest preference for contemporaneity in periodic administrative reviews," opining that "[t]here is no basis to simply assume that the underlying facts or calculated dumping margins remain the same from period to period." *Id.*, 821 F.3d at 1356.  Citing the "established doctrine" that Commerce is expected to use current information when conducting an administrative review, the Court of Appeals concluded that "it is not open to Commerce to argue that prior review data is reliable simply because it is 'temporally proximate.'" *Id.*, 821 F.3d at 1357 (citation omitted).  Further, the appellate court noted that "Huahui specifically requested leave to be individually examined as a voluntary respondent under 19 U.S.C. § 1677m(a), or alternatively to submit additional supplementary data, but Commerce denied both requests." *Id.*, 821 F.3d at 1358.  The Court of Appeals concluded that "[i]t was unreasonable in this case for Commerce to choose to limit its review to the two largest volume exporters, refuse to collect additional data from Huahui, and then draw inferences adverse to Huahui based on the lack of data available in the record." *Id*. (citing *Albemarle I*, 37 CIT at __, 931 F. Supp. 2d at 1293).

### III.  CONCLUSION AND ORDER

To fulfill the mandate of *Albemarle III* that the Court of International Trade "issue appropriate instructions to Commerce," *id.*, 821 F.3d at 1359, the court is guided, as it must be, by the holding the Court of Appeals stated in its opinion.  As to the $0.44/kg margin Commerce applied to Huahui, the Court of Appeals succinctly expressed that holding as follows: "We hold

**Consol. Court No. 11-00451**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 6**

that Commerce could not on this record utilize data from the previous review." *Id*. "Rather, Commerce, having declined to collect additional information, was required to follow the 'expected method' of utilizing the de minimis margins of the individually examined respondents from the contemporaneous period." *Id*.  The court considers the appropriate instructions to be that Commerce redetermine a margin for Huahui in accordance with the holding of the Court of Appeals in *Albemarle III*.

Therefore, upon consideration of the decision of the Court of Appeals in *Albemarle III*, and upon due deliberation, it is hereby

**ORDERED** that Commerce submit to the Court of International Trade a second remand redetermination in which it assigns to Huahui a dumping margin that is in accordance with the holding of the Court of Appeals in *Albemarle III*; it is further

**ORDERED** that Commerce shall file its second remand redetermination with the court within forty-five (45) days from the date of this Opinion and Order; and it is further

**ORDERED** that plaintiffs and defendant-intervenors shall have thirty (30) days from the date on which the second remand redetermination is filed with the court to file comments thereon; and it is further

**ORDERED** that defendant may file a response to the submitted comments within fifteen (15) days of the date upon which the last comment is filed.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Timothy C. Stanceu
　　　　　　　　　　　　　　　　　　　　　　　　Timothy C. Stanceu
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge

Dated: September 7, 2016
　　　　New York, New York